**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

VIRGINIA A. THOMPSON               *
    *Pro se* Plaintiff

      v.                      *          Civil Action No. AW-07-108

MICHAEL O. LEAVITT, SECRETARY      *
U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES                     *
    Defendant
******************************************************************************

## MEMORANDUM OPINION

Currently pending before the Court is a Motion to Dismiss, or in the alternative, Motion for

Summary Judgment (Paper No. 14) filed by Defendant Michael O. Leavitt.  Also pending is a

Motion to Strike filed by Defendant (Paper No. 23) and a Motion to Appoint Counsel filed by

Plaintiff (Paper No. 24).   The Court has reviewed the entire record.  No hearing is deemed

necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the Court will grant

the Motion to Dismiss and deny-as-moot- the remaining motions.

## DISCUSSION

Plaintiff filed this employment discrimination action on January 12, 2007, claiming that,

while she was employed by the U.S. Department of Health and Human Services ("DHHS"), she was

subject to various incidents of abuse by her supervisors.  Plaintiff served as a program analyst for

DHHS for two and one-half years before her resignation on February 12, 2004.  Defendant moves

the Court to dismiss Plaintiff's Complaint primarily on the grounds that the Complaint is untimely.

Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") on March

11, 2004.  On August 2, 2006, the EEOC Administrative Judge dismissed the claim pursuant to 29

C.F.R. § 1614.107.

After filing an initial complaint with the EEOC, a federal employee asserting a Title VII

claim may appeal the final determination of the administrative agency to the federal district court

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407.[1]  On February 26, 2007, the Court issued an Order noting that the record raised serious questions as to whether Plaintiff timely filed this action.  (Paper No. 8).  The Court directed Defendants to file a limited response addressing the exhaustion and timeliness issues. Defendant responded with the instant Motion to Dismiss, arguing that Plaintiff's Complaint is untimely and that Plaintiff failed to exhaust administrative remedies with respect to several of the allegations in her Complaint.

Plaintiff, proceeding *pro se* in this action, claims that she was not advised by Defendant of her rights to appeal until April 30, 2007.  Even if this is true, it is clear that Plaintiff became aware of her rights to be appeal well before that time, since this action was filed on January 12, 2007. Therefore, the only question for the Court is whether Plaintiff filed this action within the time period provided in subsections (a) and/or (b) of 29 C.F.R. § 1614.407.  Plaintiff filed her claim with the EEOC on March 11, 2004.  The Administrative Judge dismissed Plaintiff's claim on August 2, 2006. That decision became a final decision 40 days later on September 11, 2006.  *See* 29 C.F.R. § 1614.109(i) (making the decision of the administrative judge the final decision of the agency if the agency does not issue a final action within 40 days of receipt of the administrative judge's decision).

---

[1]  Plaintiff did not file an appeal with the EEOC, so only provisions (a) and (b) are applicable here.

Thereafter, Plaintiff had 90 days (or until December 11, 2006) to file her action in this Court. Plaintiff did not do so until January 12, 2007. Plaintiff has not presented any evidence to suggest that equitable tolling is appropriate here.

## **CONCLUSION**

Because Plaintiff's Complaint was not timely filed, the Court must grant Defendant's Motion to Dismiss. An Order consistent with this Opinion will follow.

July 24, 2007
Date

/s/
Alexander Williams, Jr.
United States District Judge